1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTON E. DEAN, | Case No.: 1:13-cv-00470-JLT |
| Petitioner, | ORDER DISMISSING PETITION FOR LACK OF EXHAUSTION (Doc. 1) |
| v. | |
| SUSAN L. HUBBARD, | ORDER DIRECTING CLERK OF THE COURT TO ENTER JUDGMENT AND CLOSE THE CASE |
| Respondent. | |
| | ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |
| | ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER (Doc. 7) |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 11, 2013, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes.

**PROCEDURAL HISTORY**

The instant petition was filed on April 1, 2013, claiming inadequate medical care, retaliation by prison employees, and violation of due process in assessing custody credit losses at two prison disciplinary proceedings. (Doc. 1). On May 1, 2013, Petitioner filed a document entitled "Request for Emergency Protection," in which he apparently seeks injunctive relief for lack of adequate medical care and threats made by prison employees. (Doc. 7).

A preliminary review of the petition, however, reveals that the claims relating to conditions of

confinement, i.e., inadequate medical care and retaliation by employees, are beyond this Court's habeas jurisdiction, and that the claim involving the loss of custody credits' has never been exhausted in state court. Therefore, the Court will dismiss the petition.

## DISCUSSION

The instant petition raises the following claims: (1) Petitioner was denied his due process rights when he was assessed an aggregate loss of between 180-200 days' credits for two rules violations; (2) Respondent has violated Petitioner's rights under the Americans With Disabilities Act in denying him adequate medical care; and (3) Petitioner has been subjected to a pattern of attacks, abuse, and retaliation by prison guards. (Doc. 1, pp. 2-8).[1]

A. Conditions Of Confinement Are Not Cognizable In Habeas Proceedings.

Insofar as the second and third claims involve only conditions of confinement, they are not cognizable in federal habeas corpus proceedings. Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485, 93 S. Ct. 1827 (1973); Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003)("[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has also held that "[h]abeas corpus jurisdiction also exists when a petitioner seeks expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole." Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989); see also

---

[1] The Court notes that Petitioner raised virtually identical issues in a prior federal habeas claim in this Court in case no. 1:12-cv-00753-BAM. In that case, the Court dismissed the "conditions" claims as outside the Court's habeas jurisdiction and dismissed the disciplinary claims as unexhausted.

2

Docken v. Chase, 393 F. 3d 1024, 1031 (9th Cir. 2004)("[W]e understand Bostic's use of the term 'likely' to identify claims with a sufficient nexus to the length of imprisonment so as to implicate, but not fall squarely within, the 'core' challenges identified by the Preiser Court.")

In contrast to a habeas corpus challenge to the length or duration of confinement, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

As mentioned, Petitioner alleges that he has been denied adequate medical treatment and that prison guards are engaged in a pattern of retaliation against him. Petitioner is thus challenging the conditions of his confinement in those claims, not the fact or duration of his confinement. No relief requested by Petitioner in his petition would affect the fact or duration of Petitioner's sentence as to those two claims. Therefore, Petitioner is not entitled to habeas corpus relief on those claims, and those claims must be dismissed. Should Petitioner wish to pursue such "conditions" claims, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

B.   Exhaustion.

Insofar as ground one involves a loss of custody credits that would affect the duration of Petitioner's confinement, this invokes the Court's habeas jurisdiction. It appears that the credit losses resulted from two separate prison disciplinary hearings involving violations of prison disciplinary rules wherein, on the first occasion, Petitioner, who had been caught "cheeking" his medications, allegedly faked a seizure in the prison yard on April 18, 2012, and on the second occasion, Petitioner was found guilty of willfully delaying a peace officer in the performance of his duties by refusing the guard's November 19, 2012 order to move to another facility within the prison. (Doc. 1, pp. 207; 265; 268). Petitioner was assessed a loss of ninety days' credits for the April 18, 2012 violation. (Doc. 1, p. 268). It is unclear what loss of credits, if any, were involved in the November 19, 2012 incident, although Petitioner alleges that the aggregate total of lost credits is, variously, 180 or 200 days.

However, it appears that Petitioner has never presented these claims to the California Supreme Court in such a way as to exhaust them for purposes of federal habeas proceedings. A petitioner who

3

is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus, must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v.

4

1     Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

2     In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

4 Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

5     In state court, Petitioner filed a petition in the Kings County Superior Court on September 10, 2012, challenging the administrative finding that he had faked a seizure. (Doc. 1, p. 220). The Superior Court dismissed the petition on procedural grounds for containing only conclusory allegations without any supporting evidence, e.g., copies of the relevant rules violation reports. (Id.). The Court cited People v. Duvall, 9 Cal.4th 464, 474 (1995), in denying the petition. (Id.).

10     Petitioner also filed a petition in the California Court of Appeal, Fifth Appellate District ("5th DCA"), on June 25, 2012, which was summarily denied "for failure to show petitioner exhausted his administrative appellate remedies and his superior court habeas remedies on the precise claims presented in the petition." (Doc. 1, p. 194).

14     Petitioner appears to have filed two petitions in the California Supreme Court. Case no. S207823 was filed on January 4, 2013, and denied on March 13, 2013, with a citation to In re Dexter, 25 Cal.3d 921, 925-926 (1979). (Doc. 1, p. 48). Petitioner filed a separate petition in case no. S203178 on June 8, 2012, that was denied on August 29, 2012, with citations to In re Dexter, People v. Duvall, 9 Cal.4th 464, 474 (1995), and In re Swain, 34 Cal.2d 300, 304 (1949). (Doc. 1, p. 14). Under California law, a citation to Duvall indicates that a petitioner has failed to state his claim with sufficient particularity for the state court to examine the merits of the claim, and/or has failed to "include copies of reasonably available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations." Duvall, 9 Cal.4th at 474. A citation to Swain creates the same inference. Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986).

24     Dexter stands for the proposition, among others, that a state habeas petition concerning an administrative decision ... cannot be brought unless available administrative remedies are exhausted." Walker v. Carey, 2005 WL 2009034 at *1 (E.D.Cal.). "The California Supreme Court's citation to In re Dexter ... signifies that the court did not reach the merits of petitioner's claims because he had failed to exhaust his administrative remedies." McCann v. Hill, 2011 WL 6750056 at *2 (E.D.Cal.) (citing

1   Harris v. Superior Court, 500 F.2d 1124, 1128 (9th Cir.1974) (en banc) ("If the denial of the habeas
2   corpus petition includes a citation of an authority which indicates that the petition was procedurally
3   deficient or if the California Supreme Court so states explicitly, then the available state remedies have
4   not been exhausted as the California Supreme Court has not been given the required fair opportunity to
5   correct the constitutional violation.")).

6         This court has regularly relied on a citation to Dexter to find that a federal petition is
7   unexhausted. See Davis v. Swarthout, 2012 WL 244211 at *2 (E.D. Cal. Jan. 25, 2012)(claims not
8   exhausted because citation to Dexter indicates petitioner had not fairly presented his claims to the state
9   supreme court); Johnson v. Harrington, 2011 WL 1807219 at *2 (E.D.Cal. May 11, 2011) ("Petitioner
10  failed to exhaust his claims because the California Supreme Court did not reach the merits of the
11  claims, but instead [cited In re Dexter and] denied the habeas petition for failure to exhaust
12  administrative remedies."); Gaston v. Harrington, 2009 WL 3627931 at *2 (E.D.Cal. Oct. 29, 2009)
13  (federal habeas petition is unexhausted because the California Supreme Court, citing In re Dexter,
14  declined to review the petition on the merits because petitioner had not exhausted his administrative
15  remedies); Rodriguez v. Yates, 2009 WL 3126317 at *3 (E.D.Cal. Sept. 24, 2009) ("Thus, a denial of
16  Petitioner's final state habeas petition with a citation to Dexter is a denial on procedural grounds,
17  leaving Petitioner's state remedies unexhausted."); Mimms v. Galaza, 2009 WL 652835 at *1
18  (E.D.Cal. March 12, 2009) (by presenting the California Supreme Court with a state habeas petition
19  prior to exhausting his administrative remedies, the petitioner precluded the court from reaching the
20  merits of the petition). In sum, both the 5th DCA and the California Supreme Court rejected
21  Petitioner's claims on procedural grounds, i.e., lack of exhaustion of administrative remedies.
22  Although non-exhaustion of remedies has been viewed as an affirmative defense, it is the petitioner's
23  burden to prove that state judicial remedies were properly exhausted.  28 U.S.C. § 2254(b)(1)(A); Darr
24  v. Burford, 339 U.S. 200, 218-219 (1950); Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

25        From the foregoing, the Court concludes that Petitioner has not presented his "credits loss"
26  claims arising from the two disciplinary proceedings to the California Supreme Court as required by
27  the exhaustion doctrine.  Because the "credits loss" claims are the only remaining claims over which
28  the Court has habeas jurisdiction, and because Petitioner has not presented his claims for federal relief

to the California Supreme Court, the Court must dismiss the petition.  See, e.g., Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001); Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997) (en banc); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997).  The Court cannot consider a petition that is entirely unexhausted. Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Calderon, 107 F.3d at 760.[2]  For all of these reasons, the petition must be dismissed.

C.   Equitable Relief.

On May 1, 2013, Petitioner filed a two-page document entitled "Request for Emergency Protection from Retaliation."  (Doc. 7).  In that document, Petitioner alleges that, on April 25, 2013, during a doctor visit by a Doctor Ogbueht, Petitioner was told that if he did not report for an ordered blood test, he would face serious consequences.  Petitioner also alleges that an unnecessary high blood pressure medication was prescribed for him and that he is being denied access to the prison law library and given shorter food rations.  Petitioner does not specify what, if any, relief he is requesting.  The Court construes this document as a request for injunctive relief.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the Court to intervene to secure the positions until the merits of the action are ultimately determined.  University of Texas v. Camenisch, 451 U.S. 390, 395 (1981).   The general legal principles applicable to a request for preliminary injunctive relief are well established.  To prevail, the moving party must show either  (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits, the balance of hardships tipping sharply in the moving party's favor, and at least a fair chance of success on the merits.  Owner Operator Indep. Drivers Ass'n., Inc. v. Swift Transp. Co., Inc., 367 F.3d 1108, 1111 (9th Cir. 2004).  These two formulations represent two points on a sliding scale, on which the required degree of irreparable injury increases as the probability of success decreases. Id.; Oakland Tribune,Inc. v. Chronicle Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985). "Under any formulation of the test, plaintiff must demonstrate that there exists a significant

---

[2]  Moreover, the authority of a federal court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been extended to petitions that contain no unexhausted claims.  Raspberry, 448 F.3d at 1154.

threat of irreparable injury." Oakland Tribune, Inc., 762 F.2d at 1376.  In the absence of a significant showing of irreparability, the court need not reach the issue of likelihood of success on the merits.  Id.

Petitioner's bases for requesting injunctive relief, however, are grounds that the Court has already identified as beings conditions of confinement, i.e., claims over which the Court has no jurisdiction in these habeas proceedings.  Indeed, in this order, the Court has dismissed Petitioner's claims regarding retaliation and inadequate medical care as being beyond the ambit of the Court's habeas powers.  Accordingly, even if Petitioner could meet the standards for injunctive relief, the Court would nevertheless lack jurisdiction to address those claims in these habeas proceedings.

Moreover, the Court declines to issue a certificate of appealability.  A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003).   The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
> >
> > (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denied a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists could

debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, the Court HEREBY ORDERS as follows:

1. The petition for writ of habeas corpus (Doc. 1), is DISMISSED for lack of exhaustion and failure to state claims for which habeas relief can be granted;
2. Petitioner's request for emergency protection (Doc. 7), is DENIED;
3. The Clerk of the Court is DIRECTED to enter judgment and close the file; and,
4. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **May 6, 2013**              **/s/ Jennifer L. Thurston**
                                      UNITED STATES MAGISTRATE JUDGE